

JFS Holdings, Inc., Pro-se
Brendan J. Sherman, President
368 Merlin Road
Phoenixville, PA 19460

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JFS HOLDINGS, INC., a Corporation<br><br>Plaintiff<br><br>vs.<br><br>ABESSINIO PROPERTY MANAGEMENT, INC. a corporation<br><br>Defendant | Civil Action No.: 05-709<br><br><br>COMPLAINT<br>BREACH OF CONTRACT |

Plaintiff, JFS Holdings, Inc., a Pennsylvania corporation with its principal place of business located at 368 Merlin Road, Phoenixville, PA by way of Complaint against, Defendant, Abessinio Property Management, Inc., which on information and belief is a Delaware corporation with its principal place of business located at 1207 North Clayton Street, Wilmington, DE does hereby state as follows:

### JURISDICTION, VENUE AND PARTIES

1. Plaintiff, JFS Holdings, Inc. (hereinafter, "JFS") is a Pennsylvania corporation with its principal place of business located at 368 Merlin Road Phoenixville, PA

2. Defendant, Abessinio Property Management, Inc., (hereinafter, "Abessinio") is on information and belief, a Delaware corporation with its principal place of business located at 1207 North Clayton Street, Wilmington, DE.

3. Jurisdiction is vested in this Court pursuant to 28 U.S.C., 1332 inasmuch as this is a civil action where the matter in controversy exceeds the sum of $75,000.00 and is between a Pennsylvania corporation and a Delaware corporation.

4. Venue is proper in this Court pursuant to 28 U.S.C. 1391.

### FACTUAL BACKGROUND

5. On information and belief, Abessinio purchased the Basin Plaza Shopping Center in or around 2001 which leases space to the Basin Plaza Laundry Center (hereinafter, "Laundry").

6. On or about October 1, 2002 JFS purchased the Laundry from Peter Franklin, Inc.

7. JFS then received an assignment of the lease for the premises where the Laundry is located (hereinafter, "Lease") from Abessinio. Copies of the Lease and assignment are attached hereto as Exhibit, "A".

8. On August 1, 2005 JFS entered into an agreement for the sale of the Laundry to Summer State, LLC (hereinafter, "Summer State") for the sum of $140,000.00. A copy of the agreement is attached hereto as Exhibit, "B".

9. A condition precedent to closing was that Summer State receive an assignment of the Lease under its existing terms with closing to occur on or before September 1, 2005.

10. Paragraph 5(a) of the Lease provides in pertinent part:

> "Tenant shall not sublet, assign, transfer or in any manner dispose of the said premises or any part thereof, for all or any part of the term hereby granted, without the written consent of Owner, which consent shall not be unreasonably withheld."

11. On or about August 24, 2005 JFS notified Abessinio of the sale and requested that it consent to the assignment of the lease and provided Abessinio with the $40.00 fee necessary to perform a credit check on the new tenant. On August 23, 2005, Abessinio notified JFS that the new Tenant's credit was within acceptable limits and forwarded a letter outlining the conditions under which it would consent to the assignment. A copy of the letter is attached hereto as Exhibit, "C".

12. One of the conditions required that JFS enter into a de-facto sublease with Summer State inasmuch as Abessinio required that JFS remain liable under Lease for a full year after the business was to be sold.

13. On August 24, 2005 JFS issued a letter to Abessinio advising it that in order to provide Abessinio with additional security, Summer State's principal would sign a personal guarantee in order to remove JFS from the Lease. On August 25, 2005 Abessinio issued a letter to JFS advising that it would accept the personal guarantee but that JFS would need to remain liable under the Lease in order to receive the assignment. Copies of these letters are attached hereto as Exhibit, "D".

14. On August 26, 2005 JFS issued a letter to Abessinio advising that in an effort to provide Abessinio with even more security and in order to remove JFS from the Lease Summer State would agree to pre-pay the next three (3) months of rent at closing on September 1, 2005. Later that day, Abessinio issued a note to JFS advising JFS to "re-

adjust your attitude" and stating that, "the parameters are what they are". Copies of these letters are attached hereto as Exhibit, "E".

15. On August 31, 2005 JFS issued a final letter to Abessinio advising it that it was unreasonably withholding its consent to the assignment and advising that Summer State would not proceed to closing unless the assignment was obtained no later than September 2, 2005. A copy of this letter is attached hereto as Exhibit, "F".

16. Thereafter, Abessinio failed to grant the assignment and at the close of business on September 2, 2005, JFS received written notice of Summer State's termination of the agreement of sale due to Abessinio's failure to consent to the assignment. A copy of this letter is attached hereto as Exhibit, "G".

## COUNT 1

## BREACH OF CONTRACT

17. JFS repeats and re-alleges each and every allegation contained within paragraphs 1-16 in their entirety as though fully set forth herein.

18. The terms of the Lease provide that it cannot be assigned without the consent of the landlord which consent cannot be **unreasonably withheld.**

19. Abessinio's requirement that JFS remain liable under the lease from September 1, 2005 until August 31, 2006 was unreasonable in light of the fact that the credit report demonstrated that the credit of Summer State and its principal were within acceptable limits. In addition, Summer State was offering far more security (by way of the addition of a personal guarantee along with the pre-payment of the next three (3) months of rent) than Abessinio has with JFS.

20. Abessinio's failure to assign the Lease to Summer State and release JFS from the Lease constitutes a breach of paragraph 5(a) of the Lease.

21. Abessinio's breach of the Lease has caused JFS to suffer significant and extensive financial loss and damages.

22. Abessinio's breach of the Lease has made it impossible for JFS to sell the Laundry since any sale requires the assignment of the Lease.

WHEREFORE, Plaintiff, JFS Holdings, Inc., demands judgment against the Defendant, Abessinio Property Management, Inc. as follows:

(a) Declaration that the Lease may be assigned to another party (whose credit is within acceptable levels as demonstrated through a credit report) and that the Plaintiff's liability under the Lease shall cease upon the execution of the assignment of the Lease.

(b) Compensatory Damages

(c) Punitive Damages

(d) Attorney's Fees and Costs

(e) Such further relief as this Court deems just and proper.

By: _____
Brendan J. Sherman, President
JFS Holdings, Inc. on behalf of
Plaintiff, JFS Holdings, Inc.

Dated: September 28, 2005

# **VERIFICATION**

I Brendan J. Sherman in my capacity as President of the Plaintiff, JFS Holdings, Inc. do hereby verify that the facts set forth within the attached Complaint are true and correct to the best of my knowledge and belief.

_____
Brendan J. Sherman, President
JFS Holdings, Inc.