**JFS HOLDINGS, INC.**
**368 MERLIN ROAD**
**PHOENIXVILLE, PA 19460**
**610-761-3443**

August 31, 2005

**<u>VIA FACSIMILE</u>**

Dr. Francis Abessinio
Abessinio Property Management
P.O. Box 25204
Wilmington, DE 19899

Re: <u>**Lease Assignment of Basin Unit 509**</u>

Dear Dr. Abessinio:

    We received your note yesterday and have decided to make one final attempt at asking for an assignment of the lease of the above unit to Summer State, LLC.

    Section 5(a) of the Lease provides in part that, "Tenant shall not sublet, assign, transfer or in any manner dispose of the said premises or any part thereof, for all or any part of the term hereby granted, without the written consent of the Owner, which consent shall not be unreasonably withheld."

    Importantly, there is nothing within the Lease which would allow you to demand that the present tenant remain liable for a year after the assignment. That would in fact constitute a sub-lease rather than an assignment. JFS Holdings, Inc. has formally requested an assignment to Summer State, LLC, has demonstrated that it as well as its principal (who will provide a personal guarantee) have more than adequate security and have offered to prepay the rent through November 2005. In fact, during our last two conversations you have admitted that not only is the new Tenant's credit at acceptable levels but that you are not worried about receiving timely rent from this proposed tenant. As a result, we believe that it is clearly unreasonable to have withheld your consent to this proposed assignment.

    As you are aware, closing on the sale of the business is scheduled for tomorrow. We have just been advised by Summer State, LLC that it will not proceed with closing unless we can obtain your consent to the assignment no later than Friday, September 2, 2005.

*Exhibit*

      Keep in mind that if a straight assignment (without further liability to the present tenant) cannot be obtained by Friday then we will have no alternative but to a file a declaratory judgment action seeking to have the assignment declared valid along with additional counts asking the court for damages in the event that we lose this sale as a result of your refusal to assign the lease.

      We truly hope that you will not make it necessary for us to take these next steps and we want you to know that we can have the appropriate assignment documents drafted and provided to you by Friday.

      Therefore, please provide us with your position as soon as possible.

Sincerely,

Brendan J. Sherman