IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JFS HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-709 (SLR) |
| | ) | |
| ABESSINIO PROPERTY MANAGEMENT, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S ANSWER

Defendant, Abessinio Property Management Inc. [sic], by and through its attorney, David E. Matlusky, hereby responds to Plaintiff's complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint.

2. Denies that Defendant is a corporation.

3. The allegations of paragraph 3 are legal conclusions as to which no responsive pleading is required, and therefore those allegations are denied. Defendant denies that the matter in this controversy exceeds $75,000.00 and also denies that he is a corporation.

4. The allegations of paragraph 4 are legal conclusions as to which no responsive pleading is required, and therefore those allegations are denied.

5. Admitted.

6. Admitted.

7. Admits only that Plaintiff received an assignment of lease. All other allegations of this paragraph are denied.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Admitted. Defendant further states that consent was not unreasonably withheld.

11. Admits that on or about August 24, 2005, Defendant was notified of an impending sale of assets. Admits that Defendant forwarded a letter on August 23, 2005, to Plaintiff outlining the requirements under which an assignment of lease would be permitted. All other allegations of this paragraph are denied.

12. The sub-lease allegation of paragraph 12 is a legal conclusion as to which no responsive pleading is required, and therefore that allegation is denied. Admits that Defendant required Plaintiff to remain as a guarantor under the lease for one year.

13. Admitted.

14. Admits that correspondence was received on August 26, 2005, by Plaintiff and further admits that Defendant responded on August 30, 2005, by way of a notation on the bottom of the August 26, 2005, letter. Defendant further states that the August 30, 2005, notation was in response to Defendant's request for documents and financial information related to the underlying sale of Plaintiff's business. All other allegations of this paragraph are denied.

15. Admits that August 31, 2005, Plaintiff issued a letter. Defendant denies all other allegations of paragraph 15 and Defendant further states that Defendant did not unreasonably withhold consent to the assignment of the lease.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint.

17. Defendant incorporates by reference the responses contained in the foregoing paragraphs as though fully set forth herein.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Denied. Defendant states that it is possible for Plaintiff to sell the Laundry. Defendant further states that Defendant's requirements for assignment of the lease were reasonable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff failed to bring suit against a properly named Defendant. By filing this Answer, the proper Defendant does not waive the right to file an answer or other responsive pleadings.

### SECOND DEFENSE

All or some portion of the complaint fails to state a claim upon which relief can be granted against Defendant.

### THIRD DEFENSE

Due to the nature of Plaintiff's claims, Plaintiff is not entitled to punitive damages.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH DEFENSE

All or some portion of Plaintiff's claims may be barred by the failure to perform a condition required by the Defendant prior to agreeing to an assignment.

**SIXTH DEFENSE**

Plaintiff has failed to plead sufficiently a basis for the award of attorneys' fees against Defendant.

**SEVENTH DEFENSE**

All or some portion of Plaintiff's claims may be barred by Plaintiff's lack of damages.

**EIGHTH DEFENSE**

Plaintiff is a corporation, an artificial entity, and can only act through its agents and, before this Court only through an agent duly licensed to practice law in the State of Delaware or admitted pro hac vice by this Court. A corporation cannot act pro se as is attempted in Plaintiff's complaint.

WHEREFORE, the Defendant hereby respectfully requests that Plaintiff's complaint be dismissed in its entirety, with prejudice.

Dated: October 26, 2005

THE MATLUSKY FIRM, LLC

David E. Matlusky (#3974)
1423 North Harrison Street, 1st Floor
Wilmington, DE 19806
(302) 658-4474
*Attorney for Defendant*

## AFFIDAVIT OF DR. FRANCIS ABESSINIO

Francis Abessinio, being duly sworn according to law, deposes and says:

1. That I am the Defendant in the Complaint filed with United States District Court for the District of Delaware, Case No. 05-709 (SLR).
2. That I reviewed the Answer in its entirety.
3. The foregoing Answer is true and correct to the best of my knowledge.

                                                  Francis Abessinio

State of Delaware    )
                            )   SS.
New Castle County )

On this 26th day of October 2005, before me, a Notary Public for the State of Delaware, Residing in the County of New Castle, **Francis Abessinio**, known to me (or satisfactorily proven) to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

*IN WITNESS WHEREOF,* I hereunto set my hand and official seal.

NOTARY PUBLIC
My commission expires _____

DAVID E. MATLUSKY
NO EXPIRATION
DEL. BAR # 3974

ATTORNEY NOTARY
29 Del. C. 4323
DAVID E. MATLUSKY
NO EXPIRATION
DEL. BAR # 3974

## CERTIFICATE OF SERVICE

I, David E. Matlusky, hereby certify that on this 26th day of October, 2005, I caused two copies of the foregoing Defendant's Answer to be delivered to the following in the manner indicated below:

### VIA HAND DELIVERY & FIRST CLASS U.S. MAIL

JFS Holdings, Inc.
Brendan Sherman, President
368 Merlin Road
Phoenixville, PA 19460

THE MATLUSKY FIRM, LLC

David E. Matlusky (#3974)
1423 North Harrison Street, 1st Floor
Wilmington, DE 19806
(302) 658-4474
*Attorney for Defendant*