## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JFS HOLDINGS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-00709-SLR |
| | ) | |
| | ) | |
| ABESSINIO PROPERTY | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF DEFENDANT, ABESSINIO PROPERTY MANAGEMENT,
TO DISMISS PLAINTIFF'S COMPLAINT FOR
<u>LACK OF ATTORNEY REPRESENTATION</u>**

Defendant, Abessinio Property Management Inc., by its undersigned counsel, moves to dismiss the Complaint of Plaintiff, JFS Holdings Inc., with prejudice. In support of Defendant's Motion, the Court is respectfully referred to the accompanying memorandum of law.

Respectfully Submitted,

THE MATLUSKY FIRM, LLC

<u>/s/ David E. Matlusky</u>
**David E. Matlusky, Esq. #**3974
1423 North Harrison Street
Wilmington, DE 19806
(302) 658-4474 phone
(302) 658-5130 fax
*Counsel for Defendant*

Date: November 23, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JFS HOLDINGS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-00709-SLR |
| | ) | |
| | ) | |
| ABESSINIO PROPERTY | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW OF DEFENDANT, ABESSINIO PROPERTY MANAGEMENT INC., IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF ATTORNEY REPRESENTATION**

**I.     INTRODUCTION AND FACTS**

Plaintiff's Complaint was filed on September 29, 2005, by Brendan J. Sherman ("Sherman"), Pro Se, on behalf of JFS Holdings, Inc. ("JFS" or "Plaintiff"), alleging breach of contract.  Upon information and belief, as of November 23, 2005, JFS has not retained Delaware counsel to represent it in this action.  Furthermore, as of the date of the filing of this motion, no Delaware attorney has entered its appearance on behalf of Plaintiff.  More than thirty (30) days have passed since filing of the Complaint, giving Plaintiff ample opportunity to obtain counsel.

**II.     ARGUMENT**

**A Corporation is an Artificial Entity and Can Only Act Before a Court of Law Through An Agent Licensed to Practice Law.**

Plaintiff's Complaint was filed and signed by Sherman as President of JFS. (See Plaintiff's Complaint). Furthermore, Plaintiff's Complaint included a direction that this case

be filed with Pro Se status. Id.  It is well settled that a corporation may appear in federal court only through an attorney admitted to practice before the court. See Gill v. Mennonite Church of Vineland, N.J., 1995 WL 534251 (E.D.Pa.), See Transpolymer Indus., Inc. v. Chapel Main Corp., 582 A.2d 936 (Del. 1990). In the case at hand, although Sherman claims to be an attorney, he admits that he is not practicing and is not licensed to practice law in the State of Delaware or in the United States District Court of Delaware. (See Exhibit A).   Furthermore, the courts have held that any judgment or relief obtained by an improperly represented corporation is void. See Gibson v. N. Del. Realty Co. Stoneybrook Townhomes, 1996 WL 659480 (Del. Super. Ct.).

As such, Plaintiff's claims against Abessinio must be dismissed in their entirety with prejudice.

### III.    CONCLUSION

Because a corporation must be represented by counsel licensed to practice law in Delaware when it appears before this Court, and because Plaintiff JFS is not represented by counsel, the Complaint must be dismissed in its entirety with prejudice.

Respectfully Submitted,

**THE MATLUSKY FIRM, LLC**

/s/ David E. Matlusky
**David E. Matlusky, Esq. #**3974
1423 North Harrison Street
Wilmington, DE 19806
(302) 658-4474 phone
(302) 658-5130 fax
*Counsel for Defendant*

Date: November 23, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JFS HOLDINGS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-00709-SLR |
| | ) | |
| | ) | |
| ABESSINIO PROPERTY MANAGEMENT, INC. | ) ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, David E. Matlusky, hereby certify that a true and correct copy of the foregoing Memorandum of Law of Defendant, Abessinio Property Management Inc., in Support of Its Motion to Dismiss Plaintiff's Complaint for Lack of Attorney Representation, was served upon the following, this date, via first class mail:

> Brendan Sherman
> JFS Holdings, Inc.
> 368 Merlin Road
> Phoenixville, PA 19460

THE MATLUSKY FIRM, LLC

/s/ David E. Matlusky
**David E. Matlusky, Esq. #**3974
1423 North Harrison Street
Wilmington, DE 19806
(302) 658-4474 phone
(302) 658-5130 fax
*Counsel for Defendant*

Date: November 23, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JFS HOLDINGS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-00709-SLR |
| | ) | |
| | ) | |
| ABESSINIO PROPERTY | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, this ____ day of _____, 2005, upon consideration of the Motion of Defendant, Abessinio Property Management Inc., to Dismiss Plaintiff's Complaint for Lack of Attorney Representation, and any response thereto, is hereby ORDERED that Plaintiff's Complaint is dismissed it its entirety with prejudice.

BY THE COURT:

_____

Sue L. Robinson, Chief Judge

Not Reported in F. Supp.
Not Reported in F. Supp., 1995 WL 534251 (E.D.Pa.)
**Unpublished Disposition**
**(Cite as: 1995 WL 534251 (E.D.Pa.)**
Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Victor GILL
v.
MENNONITE CHURCH OF VINELAND, NEW JERSEY;  Lamar Seibel (Deacon);  Lester Weaver (Pastor) Millard Hahn (Member);  Marla Weaver (Member);  Aaron Weaver (Member);  Grace Martin (Member) Isaac Sensenig (Bishop)
**Civ. A. No. 95-3114.**

Sept. 7, 1995.

Lanier E. Williams, Philadelphia, PA, for plaintiff.
Mennonite Church of Vineland, New Jersey, C/O D. Lamar Seibel Vineland, NJ, for Mennonite Church of Vineland, New Jersey Defendant.
Lamar Seibel, (Deacon) Vineland, NJ, Pro Se.
Lester Weaver, (Pastor) Pittsgrove, NJ, Pro Se
Millard Hahn, (Member) Vineland, NJ, Pro Se.
Marla Weaver, (Member) Pittsgrove, NJ, Pro Se.
Aaron Weaver, (Member) Pittsgrove, NJ, Pro Se.
Isaac Sensenig, (Bishop) Ephrata, PA, Pro Se.

MEMORANDUM OPINION AND ORDER

[WEINER](), District Judge.
**\*1** Plaintiff Victor Gill filed this civil action against the Mennonite Church of Vineland, New Jersey and several of the Church's leaders and members.  Each of the individual defendants has filed a pro se answer to the complaint.  An answer has also been filed on behalf of the Church by D. Lamar Seibel, a deacon of the Church.  Mr. Seibel does not identify himself as an attorney.  For the reasons which follow, the answer of the Church must be stricken.

It is well settled that a corporation or non-incorporated entity may appear in federal court only through an attorney at law admitted to practice before the court.  See e.g., [United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244 (9th Cir.1993)](); [Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir.1966)](); [MOVE Organization v. Department of Justice, 555 F.Supp. 684 (E.D.Pa.1983)]().  Since the Church's answer was executed by one who is apparently not an attorney, the pleading must be stricken.  We will, however, grant the Church a period of time to retain counsel and file a proper answer.

ORDER

The pro se answer filed by the Mennonite Church of Vineland, New Jersey is STRICKEN.

The Mennonite Church of Vineland, New Jersey is DIRECTED to retain counsel in this matter within twenty (20) days.  Counsel shall file an answer to the complaint no later than October 13, 1995.

IT IS SO ORDERED.

E.D.Pa.,1995.
Gill v. Mennonite Church of Vineland, New Jersey
Not Reported in F.Supp., 1995 WL 534251 (E.D.Pa.)

Briefs and Other Related Documents [(Back to top)]()

• [2:95cv03114]() (Docket) (May. 23, 1995)
END OF DOCUMENT

Not Reported in A.2d

Not Reported in A.2d, 1996 WL 659480 (Del.Super.)

**(Cite as: 1996 WL 659480 (Del.Super.))**

Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware, New Castle County.
Lisa GIBSON, Defendant below, Appellant,
v.
NORTH DELAWARE REALTY COMPANY STONEYBROOK TOWNHOMES, Plaintiff below, Appellee.
**CIV.A. No. 95A-08-011-JOH.**

Submitted: June 20, 1996.
Decided: Aug. 20, 1996.

Appeal from a Decision of the Court of Common Pleas REVERSED and REMANDED.

Deborah I. Gottschalk, of Community Legal Aid Society, Inc., for defendant below, appellant.
Robert Burton Coonin, Berkowitz, Schagrin, Coonin, Cooper & Dougherty, P.A., for plaintiff below, appellee.

MEMORANDUM OPINION

HERLIHY, Judge.
**\*1** This is the Court's second opinion in this case. In the earlier opinion, the Court reversed the Court of Common Pleas and held that Lisa Gibson [Gibson] had properly filed her appeal in that Court. *Gibson v. North Delaware Realty Co.,* Del.Super., C.A. No. 95C-08-011-JOH, Herlihy, J. (June 6, 1996). However, the Court determined further briefing was needed on the substantive issue Gibson had raised in her appeal. That briefing has now been completed.

PROCEDURAL BACKGROUND

North Delaware Realty Company, Stoneybrook Townhouses [Stoneybrook] is a Delaware corporation. It filed an action against Gibson in the Justice of the Peace Court for possession and back rent. The record appears to indicate that a non-attorney signed the original papers initiating the action.

On May 10, 1995, a trial was held at which Gibson was present. A representative of Stoneybrook was also present. That representative was not an attorney nor a person certified under Supreme Court Rule 57. The Justice of the Peace awarded Stoneybrook possession and back rent in the amount of $203.70. Later, with the assistance of counsel, Gibson moved for relief from this judgment claiming that she did not owe rent and that the entire judgment was void since Stoneybrook was not properly represented.

The Justice of the Peace who presided at trial denied the motion. He only addressed the contention regarding rent due. Holding that the rent contention was a rehash of the trial, he denied Gibson's motion. There was no mention of the void judgment argument.

Gibson appealed this ruling to the Court of Common Pleas. That court dismissed her appeal for lack of jurisdiction. It was that decision which Gibson appealed to this Court and which this Court reversed. However, the reversal of that decision left open the underlying substantive issue of the validity, or lack thereof, of the original judgment. FN1

FN1. In its earlier decision, the Court noted there could be a remand to the Court of Common Pleas on this

issue. However, for reasons stated in that opinion, a remand was not ordered.

PARTIES' CLAIMS

Gibson contends that the judgment which awarded possession and back rent to Stoneybrook is void because Stoneybrook, a corporation, was not represented at trial by counsel or a qualified representative under Superior Court Rule 57. Since corporations cannot appear except through counsel or a qualified representative, Gibson argues the judgment against her is void.

Stoneybrook acknowledges it was represented at trial by a person who was not a lawyer and who was not qualified under Supreme Court Rule 57. It claims that Rule 57 provides its own sanctions for this situation, a void judgment not being one. Stoneybrook also contends that any deficiency at trial was cured by having lawyers represent it on appeal.

DISCUSSION

The issues raised in this case are of first impression in Delaware. Prior to Supreme Court Rule 57, a corporation had to be represented by an attorney when appearing in *any* court in this State. *Transpolymer Industries, Inc. v. Chapel Main Corp.,* Del.Supr., No. 284, 1990, Horsey, J. (September 18, 1990) (ORDER).

**\*2** On March 3, 1995, Supreme Court Rule 57 became effective. It is entitled "Corporate and Other Artificial Entity *Pro Se* Representation in Civil Actions in the Courts of the Justices of the Peace". In pertinent part, it provides:
(b) Permitted Representation. Civil actions before Justice of the Peace Courts may be prosecuted and/or defended by an officer or employee of an artificial entity who need not be an attorney duly licensed to practice law in this State but who has been authorized by the artificial entity to represent it in a Justice of the Peace civil action in compliance with paragraph (c) of this Rule.


In order to become a duly authorized non-lawyer representative of a corporation (or an artificial entity such as a partnership or limited liability company), certain procedures have to be followed. Since Stoneybrook's non-lawyer representative had not undertaken the steps to be qualified under Rule 57, the qualifying steps will not be reviewed here.

The resolution of the issues raised in this case necessarily starts with the principle that the Delaware Supreme Court is the sole and exclusive authority to admit persons to practice law, to discipline them and to exclude unauthorized persons from the practice of law. *Delaware Optometric Corp. v. Sherwood,* Del.Supr., 128 A.2d 812, 815-16 (1957); *In re Infotechnology,* Del.Supr., 582 A.2d 215, 220 (1990).

However, the issue here is not the sanction on the person who appeared at the trial. Nor is the issue one of the sanction for the corporation filing a false or fraudulent certificate allowing a non-lawyer to represent it. The issue goes to the very heart of the judgment.

Where a corporation has initiated legal proceedings and is represented at trial by an unqualified person, the overwhelming number of courts have determined that any judgment awarded the corporation is void. *See, e.g., Leonard v. Walsh,* Ill.App.Ct. 220 N.E.2d 57 (1966); *Nicholson Supply Co., Inc. v. First Federal Savings and Loan Assoc. of Hardee County,* Fla.Ct.App., 184 So.2d 438 (1966); *see* federal and state cases cited 8 A.L.R. 5th, 653 "Propriety and Effect of Corporation's Appearance *Pro Se* Through Agent Who is Not Attorney."

The reasons given are obvious. Corporations are artificial entities and can only act through agents. Often it is necessary to know if the agent is authorized to act on behalf of the corporation. As an artificial entity, it cannot itself practice law. In addition, many courts have said that with the benefits of being a corporation must come the responsibilities to act through duly authorized agents.

The judgment which Stoneybrook obtained for back rent and possession is void. As noted in this Court's earlier opinion, the Justice of the Peace who considered Gibson's motion to vacate the judgment did not rule on this issue.

Even so, the failure to vacate the judgment was erroneous as a matter of law.

When Gibson appealed to the Court of Common Pleas, that court ruled against Gibson on this issue. That was also erroneous as a matter of law.

**\*3** Stoneybrook argues that its representation by a lawyer during the appeal resuscitated the judgment. It cites *Hudson Farms, Inc. v. McGrellis,* Del.Supr., 620 A.2d 215 (1993) as authority for this proposition. *Hudson Farms* is inapposite. The Supreme Court ruled that 3 *Del.C.* § 383, as then written, did not bar a foreign corporation from filing suit when it had not qualified to do business in Delaware. Instead, the suit would be stayed until the qualification is obtained, citing the revenue-raising nature of § 383. *Hudson Farms,* 620 A.2d at 221. *Hudson Farms* did not address or concern the issue of representation by an unqualified person.

Being a party to litigation and having proper representation in court are related but distinct issues. The former can be the subject of legislation such as § 383. The latter is within the exclusive jurisdiction of the Supreme Court. *Transpolymer* made it clear that a corporation could not be represented in the courts of this State except by a member of the Bar of the Supreme Court.

Stoneybrook's argument of resuscitation also overlooks the meaning and import of void. In this instance, its judgment was never valid and it cannot be the object of Lazarus-type miracles.

Some jurisdictions have ruled that corporations may be represented by non-lawyers in small claims' courts. 8 A.L.R. 5th, *supra,* § 5(a). *Transpolymer* involved an appeal by a corporation to the Supreme Court. The corporation was not represented by counsel. Therefore, while factually distinct from this case, the Supreme Court said, "[a] corporation ... can only act through its agents and, before *a court* only through an agent duly licensed to practice law." *Transpolymer, supra,* at 2 [emphasis supplied].

In short, the Supreme Court did not draw any distinction between the courts when it barred corporations from appearing in court without qualified counsel. If there were any doubt about the reach of that bar, it is resolved by the promulgation of Supreme Court Rule 57. If corporations could litigate without a lawyer in Justice of the Peace Courts, Rule 57 would be unnecessary.

Clearly, by promulgating Rule 57, the Supreme Court recognized the need for some flexibility involving corporate (and artificial entity) representation in Justice of the Peace Courts. FN2 There are a number of small corporations which present and defend small claims. The cost of having a lawyer for such small corporations making or defending small claims may be as prohibitive or not cost-effective as it is for many individuals.

FN2. Rule 57's authorization for non-lawyer representation is limited to Justice of the Peace Courts.

Stoneybrook also argues that the sanctions set out in Rule 57 provide an adequate remedy or set the limit on the effect of its remedy for its conduct. Rule 57(c)(7) states:
Sanctions. Any certification filed pursuant to this paragraph which contains false or fraudulent information shall be forwarded by the Chief Magistrate to the Department of Justice for prosecution or any other appropriate action of the offending party as well as the Board on the Unauthorized Practice of Law for any action which the Board may deem warranted. By filing a certification the artificial entity and its designated representative shall each subject themselves to the sanctions set forth in Justice of the Peace Miscellaneous Civil Rule 5.

**\*4** There is no issue here of false or fraudulent information, since no certification was ever sought under Rule 57 for a non-lawyer representative. Further, since no certification was sought or obtained, the sanction provision incorporating Justice of the Peace Miscellaneous Rule 5 FN3 was not and cannot be triggered. In short, none of the sanction provisions of Supreme Court Rule 57 or Justice of the Peace Miscellaneous Rule 5 are implicated. The only logical sanction is to declare void a judgment obtained under these circumstances.

FN3. Justice of the Peace Civil Rule 5 is similar, if not identical, to Superior Court Civil Rule 11.

Having held that Stoneybrook's judgment for possession and back rent is void, another issue arises. This Court recognizes the possibility, if not probability, that similar judgments have been obtained, such as this case shows. This view is brought into sharper focus by Rule 57. Under Rule 57(d), "[t]he Chief Magistrate shall, on or before the tenth day of the eleventh month following the effective date of this Rule, file with the clerk of [the Supreme] Court a report regarding the operation of this rule." The Chief Magistrate filed such a report [Report]. This Court has taken judicial notice of this report. D.R.E. 202(d).

The Report indicates 1,732 "artificial entities" filed certificates of representation in 1995. The Report goes on to indicate that the magistrates have encountered difficulties with corporations appearing *pro se*. The Chief Magistrate told the Supreme Court that the magistrates had been "lenient" with *pro se* corporate litigants by granting continuances, etc., until Rule 57 procedures for certification were carried out.

This Court is concerned with the potential for undue hardship and confusion by a retroactive ruling. It is unclear how much proper representation of corporations was enforced prior to Rule 57. Where there are often *pro se* litigants on both sides, the issue of representation may get overlooked, as here.

In *Stoltz Management Co., Inc. v. Consumer Affairs Board,* Del.Supr., 616 A.2d 1205 (1992), the Supreme Court adopted three tests for weighing whether a decision should have a retroactive effect. Citing *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), those factors are:
First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

**\*5** *Id.* 404 U.S. at 106-107, 92 S.Ct. at 355.

*Transpolymer* clearly indicated a corporation needs to be represented by counsel in any court proceeding. However, that a judgment would be void when obtained without the benefit of a lawyer is a new decision for Delaware and, in this Court's view, not clearly foreshadowed. This same reasoning applies to the second factor. In addition, Rule 57 has been in operation for over a year and, based on the Report, is being efficiently administered by the magistrates. Also, there is or has been a clear transition under way which a retroactive ruling, other than for this specific case, may unduly upset.

As to the third factor, all of the above reasoning equally applies. In addition, in declaring void a judgment obtained by a corporation appearing *pro se,* the Missouri Supreme Court applied its decision prospectively. *Reed v. Labor and Industrial Relations Comm.,* Mo.Supr., 789 S.W.2d 19, 24 (1990).

Therefore, while Stoneybrook's judgment is void, this opinion, beyond this case, will apply only to such *judgments* obtained in the Justice of the Peace Courts starting with the day after the date of this opinion.

CONCLUSION

For the reasons stated herein, the decision of the Court of Common Pleas is REVERSED. The matter is REMANDED to that Court to further REMAND this matter to the Justice of the Peace Court for proceedings consistent herewith.

IT IS SO ORDERED.

Del.Super.,1996.
Gibson v. North Delaware Realty Co. Stoneybrook Townhomes
Not Reported in A.2d, 1996 WL 659480 (Del.Super.)
END OF DOCUMENT