## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JFS HOLDINGS, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ABESSINIO PROPERTY )<br>MANAGEMENT, INC. )<br>)<br>    Defendant. ) | C.A. No. 05-00709-SLR |

### DEFENDANT ABESSINIO PROPERTY
### MANAGEMENT, INC.'S [SIC] MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Abessinio Property Management, Inc. [sic] ("Abessinio"), by and through counsel, and hereby moves for Summary Judgment pursuant to Fed. R. Civ. P. 56(c) or in the alternative to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of its motion, Abessinio relies upon its Opening Brief in Support of its Motion for Summary Judgment.

WHEREFORE, Abessinio respectfully requests that the Court enter an Order, entering summary judgment on behalf of Abessinio, and awarding Abessinio its attorneys' fees and costs, and such other relief as the Court deems necessary, just and appropriate.

THE MATLUSKY FIRM, LLC

DATED: 7/28/06

/s/ David E. Matlusky
David E. Matlusky (#3974)
Tara M. DiRocco (#4699)
1423 North Harrison Street
Wilmington, DE 19806
(302) 658-4474 telephone
(302) 658-5130 facsimile
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JFS HOLDINGS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-00709-SLR |
| | ) |
| ABESSINIO PROPERTY | ) |
| MANAGEMENT, INC. | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ABESSINIO PROPERTY MANAGEMENT, INC.'S [SIC]
OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.     STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

On September 29, 2005, JFS Holdings, Inc. ("JFS"), a Pennsylvania corporation, filed a single-count Complaint against Abessinio Property Management, Inc. [sic] ("Abessinio"), asserting breach of contract. The Complaint alleges that Abessinio's consent to assign the lease was unreasonably withheld. On October 31, 2005, Abessinio answered the Complaint, denying liability.

Pursuant to the Court's Scheduling Order, all discovery was to be commenced to be completed by May 30, 2006. Abessinio submitted timely Interrogatories and Request for Production of Documents which were answered by JFS on May 22, 2006, albeit not to the satisfaction of Abessinio. Certain documents have yet to be provided to Abessinio pursuant to the Request for Production of Documents. To date, JFS has not submitted any discovery requests to Abessinio, and none are anticipated because the deadline has passed and no extension was requested. On May 30, 2006, depositions were taken of Brendan Sherman ("Sherman"), President of JFS, and Roseann Sestito ("Sestito"), the sole member of Summer State, LLC

("Summer"), a Delaware limited liability company, the potential buyer.  This Motion for Summary Judgment is timely filed.

## II.   FACTS

Abessinio is the owner and landlord of Basin Road Plaza located in New Castle, Delaware.  The Basin Plaza Laundry ("Laundromat"), which is the subject of this litigation, is located within Basin Road Plaza.  The original Retail Lease ("Lease") was entered into by Basin Road Plaza Associates and Peter Franklin, Inc. on February 14, 1998. (Compl. Ex. A.)  On or about August 23, 2002, Basin Road Plaza was sold to Abessinio.  In October 2002, the Lease was assigned from Peter Franklin, Inc. to JFS.  *Id.*  Sherman is the President of JFS which owns the Laundromat. (Sherman Dep. Pg. 5 ¶ 9-19.)

On August 1, 2005, JFS entered into an Asset Purchase Agreement ("Agreement") with Summer to sell the Laundromat for $140,000.00. (Compl. Ex. B ¶ 2.)  Summer paid ten percent (10%) at the time of execution of the Agreement. (Sestito Dep. Pg. 13 ¶ 21.)  The Ellsher Group, Inc. ("Ellsher"), a Pennsylvania corporation, acted as the broker in the sale of the Laundromat.  Sherman is the sole shareholder of Ellsher.  (Sherman Dep. Pg. 4 ¶ 20-22; Pg. 5 ¶ 1-6.)  Settlement on the sale of the Laundromat was scheduled to be held one month from the execution of the Agreement, on September 1, 2005. (Compl. Ex. B ¶ 5.)

At this stage of the proceedings, it is not entirely clear when Abessinio was first informed about the pending sale of the Laundromat and lease Assignment ("Assignment").  According to Sherman in his Answer to Defendant's First Set of Interrogatories, Abessinio was first informed of the pending sale and Assignment on August 24, 2005. (Pl.'s Answer Interrog. ¶ 4.)  However, in Sherman's Deposition, Sherman stated that he first informed Abessinio of the pending sale and Assignment sometime between August 15, 2005, and August 21, 2005. (Sherman Dep. Pg.

16 ¶ 7-13.) In Sestito's Deposition, she states that Abessinio was informed of the pending sale and Assignment on August 15, 2005. (Sestito Dep. Pg. 16 ¶ 15-24; Pg. 17 ¶ 1-4.) The first written correspondence in Defendant's possession regarding the pending sale and Assignment is dated August 23, 2006. (Compl. Ex. C.)

Sestito completed a rental application and the requisite application fee was paid to Abessinio. Abessinio agreed to grant the Assignment to Summer provided that, among other things, JFS remained liable under the lease term for one year. *Id.* JFS refused to meet this requirement.

According to the Agreement, there were three contingencies that had to be met prior to settlement, one of them being the Assignment of lease ("Assignment Contingency") and another being a satisfactory physical inspection ("Inspection Contingency") of the premises by the buyer prior to settlement. (Compl. Ex. B ¶ 13.) Neither of these contingencies were met.

On September 1, 2005, Sestito sent an e-mail to Sherman stating that she was voiding the Agreement because the Inspection Contingency was not met. (Sestito Dep. Ex. 1.) As an aside, JFS did not provide this document to Abessinio, although it was requested in Defendant's First Request for Production of Documents. Sestito, at Sherman's direction, wrote another letter to Sherman dated September 2, 2005, stating that the Agreement was void due to the lack of Assignment. (Compl. Ex. G; Sestito Dep. Pg. 26 ¶ 19-24; Pg. 27 ¶ 1-4.) Summer did not purchase the Laundromat and Ellsher returned her deposit. (Sherman Dep. Pg. 9 ¶ 21-22.)

### III. ARGUMENT

#### A. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE IT IS REASONABLE FOR A LANDLORD TO REQUIRE A ONE-YEAR GUARANTEE FROM A TENANT AS A CONDITION OF GRANTING AN ASSIGNMENT OF LEASE.

Here the Lease states, "[t]enant shall not sublet, assign, transfer or in any manner dispose of the said Premises or any part thereof…without the written consent of Owner, which consent shall not be unreasonably withheld." (Compl. Ex. A ¶ 5.) In the Complaint, JFS claims that the consent to assign the lease was unreasonably withheld, seeking monetary damages.

It is reasonable for Abessinio to require a one-year guarantee from JFS prior to granting the Assignment. When a lease states that the landlord's consent cannot be unreasonably withheld, the standard courts have used to evaluate the reasonableness of the landlord's conduct is that of a reasonably prudent person in the landlord's position. *Parr v. Triple L & J Corp.*, 107 P.3d 1104 (Colo. Ct. App. 2004). The reasonably prudent person standard permits the landlord to consider objective factors when determining whether to give his/her consent to assign the lease, such as: financial responsibility of the subtenant, the subtenant's suitability for the particular building, and the legality of the proposed use and the nature of the occupancy. *Kenney v. Eddygate Park Associates*, 19 A.D.3d 859 (N.Y. 2005). The relevant factor at issue here is the financial responsibility of the proposed subtenant.

The landlord must be assured that the covenants in the lease will be upheld by the subtenant, so that the landlord will not endure economic damage as a result of the proposed assignment. Here, the sale of the Laundromat was scheduled for September 1, 2006. From the somewhat convoluted facts available at this stage in the proceedings, one can surmise that Abessinio had somewhere between fifteen (15) and six (6) days to review the Assignment. In the brief timeframe he was given, Abessinio did not have enough time to conduct a thorough

investigation of Summer's and/or Sestito's financial background. Abessinio attempted to determine Sestito's and Summer's financial stability by requiring Sestito to complete a rental application and by obtaining Sestito's credit report; however, none of Sestito's financial documents were provided to Abessinio. Furthermore, Summer, being a newly formed entity (date of formation with the Delaware Secretary of State is July 26, 2005), did not have any financial documents to provide to Abessinio. (Sestito Dep. Pg. 20 ¶ 9-16; Pg. 21 § 17-18.)

Courts have held that when a landlord was unable to obtain sufficient financial information upon which to base a decision on a proposed assignment, the withholding of consent was reasonable. 54 A.L.R.3d 679 (citation omitted). Here Abessinio's actions are more reasonable than a landlord who withholds consent. Abessinio did not withhold consent, he merely required JFS to guarantee the lease for one year because of the uncertainty of Summer's and Sestito's financial background and ability to pay. Due to the lack of financial information provided and to ensure that the Assignment would not be to his financial detriment, it was entirely reasonable for Abessinio to require JFS to remain on the lease for a one-year period.

      **B. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE EVEN IF JFS AGREED TO THE ONE-YEAR GUARANTEE AND THE ASSIGNMENT OF LEASE WAS GRANTED, SUMMER WOULD NOT HAVE COMPLETED THE PURCHASE OF THE LAUNDROMAT.**

The reason Summer failed to purchase the Laundromat was not because of the supposed lack of Assignment. There were other superseding causes that prevented Summer from wanting to purchase the Laundromat. The primary reason Sestito did not desire to purchase the Laundromat was because she was deceived by Sherman as to his role in this entire transaction. (*See* Sestito Dep. Pg. 22 ¶ 7-11; Pg. 23 ¶ 18-24; Pg. 25 ¶ 1-22; Pg. 38 ¶ 8-16.) Sestito was

unaware that Sherman was both the sole shareholder of Ellsher and the President of JFS. Sherman misled Sestito into thinking that his only role in this transaction was as the Laundromat broker and not as the Laundromat owner. Although Sherman claims that he informed Sestito about his dual role, Defendant is unaware of any documentation saying as such. (Sherman Dep. Pg. 10 ¶ 18-24; Pg. 11 ¶ 1-4.) Sestito claims that Sherman continually referred to the Laundromat owners as "they" and told her on one occasion that "they" (meaning the owners of the Laundromat), needed to increase the purchase price. (Sestito Dep. Pg. 24 ¶ 2-17.) It was not until Abessinio told Sestito of Sherman's dual role in the transaction sometime between August 15, 2006, and September 1, 2006, that she became aware of this fact. (Sestito Dep. Pg. 22 ¶ 15-22.) According to Sestito, "[t]hank God that Dr. Abessinio didn't assign the lease over because I just wanted no part of the deal at all…I had told Brendan (Sherman) that I no longer wanted it even if he had assigned the lease to me." (Sestito Dep. Pg. 24 ¶ 20-22; Pg. 25 ¶ 4-6.)

Even if Sherman agreed to remain liable on the Lease for one year and the Assignment was given, Sestito would have sought another reason for voiding the Agreement. Sestito was seeking any feasible explanation for not purchasing the Laundromat. In her e-mail dated September 1, 2005, Sestito voided the Agreement because the Inspection Contingency had not been met. (Sestito Dep. Ex. 1.) It was only at Sherman's direction that Sestito drafted a second letter dated September 2, 2005, in which she stated that the lack of Assignment was her reason for voiding the Agreement. (Compl. Ex. G.)

### C. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE PLAINTIFF SUED THE INCORRECT PARTY.

In the Complaint, the Plaintiff sued Abessinio Property Management, Inc. but no such entity exists with the Delaware Secretary of State. Despite being made aware of this fact in

Abessinio's Answer, Plaintiff has failed to amend its proceedings to name the correct entity. The entity being sued does not exist.

### IV. CONCLUSION

For all of the foregoing reasons, the Defendant respectfully requests that this Court grant Defendant's Motion for Summary Judgment or in the alternative that the Court dismiss the Plaintiff's Complaint with prejudice.

THE MATLUSKY FIRM, LLC

DATED: 7/28/06

/s/ David E. Matlusky
David E. Matlusky (#3974)
Tara M. DiRocco (#4699)
1423 North Harrison Street
Wilmington, DE 19806
(302) 658-4474 telephone
(302) 658-5130 facsimile
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JFS HOLDINGS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ABESSINIO PROPERTY )<br>MANAGEMENT, INC. )<br>)<br>Defendant. ) | C.A. No. 05-00709-SLR |

## ORDER

The Court, having considered Defendant's Motion for Summary Judgment, and all briefing and argument thereon, and good cause having been shown for the relief sought in the Motion:

IT IS HEREBY ORDERED this _____ day of _____, 2006, that the Motion is GRANTED and that the Complaint in the above referenced case is dismissed with prejudice.

_____
**District Court Judge**

## **CERTIFICATE OF SERVICE**

I hereby certify that on 7/28/06 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the parties in this case.

I certify that I caused a copy of the foregoing document to be delivered to the following individuals in the manner indicated:

**VIA U.S. MAIL, POSTAGE PREPAID**
Garvan F. McDaniel, Esq.
Bifferato Gentilotti Biden & Balick
1308 Delaware Avenue
Wilmington, DE 19806

**VIA U.S. MAIL, POSTAGE PREPAID**
Brendan Sherman, Esq.
368 Merlin Road
Phoenixville, PA 19460

                                          THE MATLUSKY FIRM, LLC

DATED: 7/28/06　　　　　　　　　　　/s/ David E. Matlusky
　　　　　　　　　　　　　　　　　　David E. Matlusky (#3974)
　　　　　　　　　　　　　　　　　　Tara M. DiRocco (#4699)
　　　　　　　　　　　　　　　　　　1423 North Harrison Street
　　　　　　　　　　　　　　　　　　Wilmington, DE 19806
　　　　　　　　　　　　　　　　　　(302) 658-4474 telephone
　　　　　　　　　　　　　　　　　　(302) 658-5130 facsimile
　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*